United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHONG'S PRODUCE, INC.,

    Plaintiff,

v.

ISLAND PACIFIC SUPERMARKET PRODUCE, INC., et al.,

    Defendants.

_____/

No. C 13-2003 PJH

**ORDER**

Plaintiff Chong's Produce, Inc. ("Chong's") filed the above-entitled action on May 1, 2013, alleging breach of contract and violations of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a-499t ("PACA"), based on the failure of defendant Island Pacific Supermarket Produce, Inc. ("Island Pacific") to pay invoices for produce delivered to Island Pacific between March 5, 2012 through April 6, 2012.

Also on May 1, 2013, plaintiff filed an ex parte motion for a temporary restraining order ("TRO") and order to show cause re preliminary injunction. Plaintiff seeks issuance of the TRO without notice to defendants.

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a

produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991). A failure to maintain the trust and make full payment promptly to the trust beneficiary violates 7 U.S.C. § 499b(4).

Plaintiff seeks a TRO to preserve PACA Trust Assets. A request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not," and it requires a plaintiff to demonstrate a "substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 967 (9th Cir. 2011). And even where success on the merits is likely or "serious questions" are raised an

injunction "is not a remedy which issues as of course."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

Here, plaintiff seeks a TRO, without notice, enjoining Island Pacific, its agents, officers, subsidiaries, banking and financial institutions, and all persons in "active concert or participation with" Island Pacific from "dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of PACA without agreement of [p]laintiff, or until further order of the [c]ourt."  Plaintiff also requests that the $5,631.50 in PACA Trust Assets belonging to plaintiff and in the possession of Island Pacific serve as plaintiff's security for the TRO as required by Fed. R. Civ. P. 65(c).

The court does not rule on the merits of the TRO application at this point, but simply wishes to make the following preliminary observations.  First, with regard to plaintiff's assertion that the TRO should be granted because plaintiff can demonstrate either "a likelihood of success on the merits and the possibility of irreparable injury" or "the existence of serious questions going to the merits and the balance of hardships tipping in [its] favor," the court notes that this is not the standard currently applied by the United States Supreme Court and the Ninth Circuit.  Thus, plaintiff's argument is defective on that basis.

Further, with regard to "likelihood of success on the merits," plaintiff contends that it has provided evidence showing that it has not been paid for $5,631.50 worth of produce that was sold to Island Pacific, that Andy Chong on several occasions has sought payment from Island Pacific without success, and that Island Pacific continues to operate and to purchase produce from other vendors.  Based on this, plaintiff claims it is likely that Island Pacific is in financial distress, and the PACA Trust Assets are being threatened with dissipation.  Plaintiff argues that Island Pacific has no defense to these claims under PACA, and that "[p]laintiff will most certainly prevail in any hearing on the merits of the claim."

Apart from the assertion that Island Pacific failed to pay $5,631.50 owing to plaintiff, and that Mr. Chong unsuccessfully attempted to obtain payment from Island Pacific, plaintiff's argument appears highly speculative.  In particular, the court finds that plaintiff has not provided any facts in support of its claim that a long-time customer who fails to pay

1  a supplier a little over $5,600 for a one-month period is likely in financial distress, or is
2  clearly dissipating trust assets.
3     With regard to irreparable harm, plaintiff contends – without citation to facts or legal
4  authority – that since it is almost impossible to recover trust assets once there has been
5  dissipation, the loss to the plaintiff and all other trust creditors will be irreparable.  Again,
6  this argument regarding the likelihood of irreparable harm is highly speculative.
7     Moreover, in filing this action and the TRO, plaintiff is in essence seeking an order
8  requiring Island Pacific to pay invoices that are more than a year old.  Presumably at least
9  some portion of that period was taken up by Mr. Chong's efforts to obtain payment.
10 However, Mr. Chong does not state when he attempted to contact Island Pacific, and
11 plaintiff does not explain why it waited an entire year to seek relief from this court, and then
12 without notice to Island Pacific.  While delay in seeking injunctive relief is not dispositive, it
13 certainly militates against any claim of urgency and calls into question the claim of
14 irreparable harm.  See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th
15 Cir. 1993); Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc., 762 F.2d 1374, 1377
16 (9th Cir. 1985); see also Warner Bros. Entmt v. Global Asylum, Inc., 2012 WL 6951315
17 (C.D. Cal. Dec. 12, 2012).
18    Finally, the relief requested in the proposed TRO is wide-ranging and appears to
19 exceed what is necessary for plaintiff to obtain payment on its invoices.  The proposed
20 order describes the assets that are subject to this order as "all of the assets of Island
21 Pacific Supermarket, Inc., unless Island Pacific Supermarket Inc. can prove to the [c]ourt
22 that a particular asset is not derived from perishable agricultural commodities, inventories
23 of food or other products derived from perishable agricultural commodities or receivables or
24 proceeds from the sale of such commodities or products."
25    The proposed order does allow Island Pacific to sell perishable commodities for fair
26 compensation, on the condition that it maintain the proceeds of such sale(s) subject to the
27 court's order.  It appears, however, that plaintiff is attempting to place a "freeze" on all of
28 Island Pacific's assets, regardless of whether those assets are related to revenues from the

4

sale of the produce supplied by plaintiff, and to shift the burden to Island Pacific to justify why certain of its assets should not be subject to said "freeze." Again, plaintiff has provided no authority for this request.

As for whether plaintiff has established that the court should consider the TRO application without notice to defendants, the court finds that it has not. Plaintiff argues that providing notice to Island Pacific regarding the TRO application will only serve to provide it advance warning that an order may be entered, thereby giving it additional time to further dissipate the trust assets by paying personal liabilities or non-trust creditors prior to entry of the order. Thus, plaintiff asserts, there would be a further loss of trust assets if notice were provided.

Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Supreme Court has made clear that ex parte injunctive relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

Accordingly, ex parte injunctive relief is generally confined to two situations. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). First, a plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Id. Second, courts have recognized a "very narrow band of

cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (citation and quotation omitted).

Here, the first situation clearly does not apply.  Plaintiff appears to be asserting that the second situation applies, because if the TRO is not issued ex parte, Island Pacific will use the time between when it receives notice and when the court holds the hearing to "dissipate" all its assets, which in turn will make it impossible for plaintiff receive payment on the invoices, which are considered PACA trust assets.  The court finds that plaintiff has provided too few facts for the court to make that assumption, given the highly extraordinary nature of ex parte injunctive relief.

Accordingly, the request for a hearing without notice is DENIED.  The court will hear plaintiff's duly noticed application for a TRO on an expedited basis, on Wednesday, May 8, at 9:00 a.m.  Should plaintiff wish to proceed on the record presently before the court, it shall serve defendants with the summons, complaint, and motion papers, along with a copy of this order, no later than noon on Friday May 2, 2013.  Defendants will have until 9:00 a.m. on Tuesday, May 7, 2013 to file and serve a response.

If plaintiff does not wish to proceed on this record, it must so notify the court by calling the courtroom deputy for the undersigned by 9:00 a.m. on Tuesday, May 7, 2013.

**IT IS SO ORDERED.**

Dated:  May 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge